Filed 3/17/21  P. v. Meadows CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074143 |
| v. | (Super.Ct.No. BLF002634) |
| FRANK EDWARD MEADOWS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Becky Dugan, Judge. Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Yvette M. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Frank Edward Meadows, Jr., pleaded guilty to possessing marijuana in prison in 2003. In 2019, Meadows moved to vacate his conviction under Proposition 64, which legalized possession of less than 28.5 grams of marijuana by any person over the age of 21 and allowed those currently serving sentences for possession to modify or dismiss those convictions. The trial court denied Meadows's motion.

On appeal, Meadows argues Proposition 64's legalization of certain kinds of marijuana possession applies to simple possession of marijuana inside a prison. The People argue Proposition 64's legalization of marijuana possession did not legalize possession inside prisons. We affirm.

## I. FACTS

On April 24, 2003, Meadows pleaded guilty to possession of marijuana while incarcerated in Ironwood State Prison. (Pen. Code, § 4573.6.) The trial court sentenced Meadows to two years, to be served consecutive to the sentence he was already serving.

In July 2019, Meadows petitioned to vacate his conviction under Health and Safety Code 11361.8, subdivision (f), unlabeled statutory citations refer to this code. The Riverside County District Attorney opposed the petition. The trial court denied the petition.

Meadows timely appealed.

## II. ANALYSIS

The issue Meadows asks us to decide is whether Proposition 64 legalized a person over 21 years old from possessing less than 28.5 grams of marijuana while incarcerated.

In 2016, voters passed Proposition 64, which amended Division 10 of the Health and Safety Code. In particular, Proposition 64 added section 11362.1, which made it legal for a person over 21 to possess less than 28.5 grams of marijuana. It also allowed certain people currently serving sentences for such possession to petition for recall and resentencing. (§ 11361.8.) However, Proposition 64 also added section 11362.45, which enacted a set of savings clauses. These savings clauses state that section 11362.1's legalization of marijuana possession "does not amend, repeal, affect, restrict, or preempt" certain other laws regarding possession of marijuana, including "[l]aws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice." (§ 11362.45, subd. (d).)

Meadows acknowledges that Proposition 64's savings clause means that anybody smoking or ingesting cannabis within a prison may still be convicted of a felony under Penal Code section 4573.6. However, Meadows argues that he was not convicted for smoking or ingesting marijuana, only for possession. He points out that the savings clause doesn't specifically save the prohibition on possessing marijuana in a prison, and therefore Proposition 64 legalized possession within a state prison along the same lines as those without it. He argues he is therefore entitled to seek recall and resentencing under section 11361.8 because his simple possession, whether inside or outside prison, would be legal under the law as it exists now.

Two recently published cases addressed Meadows's argument. The first, *People v. Perry* (2019) 32 Cal.App.5th 885, 890 (*Perry*), rejected Meadows's argument. In that case our colleagues in the First District held "Proposition 64 did not affect existing prohibitions against the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6." (*Id.* at p. 890.) The court so held because "[w]hile section 11362.45, subdivision (d), does not expressly refer to 'possession,' its application to possession is implied by its broad wording," in particular its use of the phrase " 'pertaining to.' " (*Id.* at p. 891, italics omitted.) The court held that Proposition 64's exception for " '[l]aws pertaining to smoking or ingesting cannabis' " in a prison may reasonably be read to include laws regarding possession of cannabis alone, even without evidence of smoking or ingestion. It reasoned this was the appropriate reading of section 11362.45, subdivision (d), because possession is imminently related to smoking or ingesting, there is no reason for an inmate to possess cannabis but to eventually ingest it, and possession has historically been treated as more culpable than simple use, not less. (*Perry*, at pp. 891-892, italics omitted.) Accordingly, it concluded that "[i]t is apparent that Proposition 64 . . . was intended to maintain the status quo with respect to the legal status of cannabis in prison." (*Id.* at pp. 892-893.)

However, in *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*), review granted August 21, 2019, S256978, the Third District explicitly rejected the court's holding in *Perry*. Instead, the court decided that Proposition 64's savings clause was not ambiguous, and that the plain meaning should prevail. That is, the *Raybon* court

4

concluded "it stretches the imagination to conclude that the drafters listed two distinct activities, 'smoking or ingesting,' intending to include a third distinct activity, possession, by using the vague reference 'pertaining to.' " (*Id.* at p. 121.) They concluded that the purpose of the "pertaining to" language "is to describe the vast array of means of consumption and consumption, not possession, is the act the voters determined should remain criminalized if the user is in prison." (*Id.* at p. 122.) In particular the court noted the "pertaining to" language would continue to criminalize the ways "inhaled as a nonburning vapor or applied topically such that it is absorbed through the skin." (*Id.* at p. 122.) Our Supreme Court has since granted review in *Raybon*.[1]

We agree with *Perry* and decline to follow *Raybon*. In particular, we agree with *Perry* that section 11362.45, subdivision (d), is ambiguous, and disagree with *Raybon* that it either has a plain meaning or that the plain meaning is what they say it is. *Perry* correctly argues the phrase "pertaining to" renders subdivision (d) both more broad and more ambiguous than similar provisions in section 11362.45 because the question of what pertains to smoking or ingesting marijuana is open-ended. As the court in *Perry* pointed out, the word pertain throws a wide net, as it can mean " 'to belong as an attribute, feature, or function' [citation], 'to have reference or relation; relate' [citation], [or] '[b]e appropriate, related, or applicable to' [citation]." (*Perry*, *supra*, 32 Cal.App.5th

---

[1] The court in *Raybon* also addressed certain arguments, not raised here, that Proposition 64 effectively rendered cannabis no longer a controlled substance for purposes of Penal Code section 4573.6. We do not consider this issue because it was not raised and because it is effectively resolved if we conclude, as we do here, that section 11362.45, subdivision (d), continues to criminalize marijuana possession in prison.

at p. 891.) Given this, we are "hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Ibid.*)

Moreover, *Raybon* does not properly address *Perry*'s most compelling argument: that there is no reason for any prisoner to possess marijuana without a medical prescription except to consume it illegally or allow another prisoner to consume it illegally. Circumstances where possessing and use are decoupled do exist elsewhere and are regulated separately in those circumstances. For instance, we can imagine innocent scenarios in which a responsible marijuana user could want to possess marijuana in certain circumstances without intending to use it, likely because they are legally transporting it from one location to another. This explains why section 11362.45 would save laws prohibiting possession in drug-free workplaces under subdivision (f), or why section 11362.3 subdivision (a)(5), prohibits possessing cannabis on school grounds. This is because there may be reasons someone could possess marijuana at work or school without intending to smoke or ingest it, and the voters of California wanted to make clear that such possession was still prohibited.

No such similar reasons exist in prison. Prisoners do not possess marijuana merely to transport it legally from one location to another. Smoking or ingesting are always criminal regardless of the location within the prison. Indeed, Meadows himself doesn't offer any proposed scenarios where possession of marijuana in a prison would be unrelated to the consumption or ingestion of that marijuana. Thus, there is no reason to possess marijuana except to consume it illegally. Because of this, section 11362.45,

6

subdivision (d), did not need to specify that possession was still prohibited in prisons, because prohibiting smoking or ingesting and those activities "pertaining to" the same necessarily includes possession within a prison in ways it does not outside a prison.

Similarly, the absence of such "pertaining to" language in other subdivisions of section 11362.45 demonstrates that the drafters, and the voters, were capable of saving only those laws strictly related to consumption and chose not to. For instance, subdivision (a) saves "[l]aws making it unlawful to drive or operate a vehicle . . . while smoking, ingesting, or impaired by, cannabis." (§11362.45, subd. (a).) The drafters of Proposition 64 could have phrased subdivision (d) the same way, saving only those laws prohibiting smoking or ingesting cannabis in a prison. They did not. Instead, they saved any law "pertaining to" smoking or ingesting marijuana. That the statute does not use this phrasing in one case where it would make sense to do so, but does in another, implies the drafters, and the voters who approved Proposition 64, intended to save more of the relevant laws regulating marijuana in prison than those regulating marijuana elsewhere.

The absence of "pertaining to" language in subdivision (a) of section 11362.45 also directly contradicts one of *Raybon*'s conclusions. Namely, *Raybon* found that the "pertaining to" language is not surplusage because it "describe[s] the vast array of means of consumption and consumption," as "consumption can be achieved in ways not strictly involving smoking or ingesting." (*Raybon*, *supra*, 36 Cal.App.5th at p. 122.) If so, the lack of any "pertaining to" language in subdivision (a) would compel us to conclude it only applies to smoking or ingesting marijuana. In other words, reading the "pertaining

7

to" language in subdivision (d) to have the narrow meaning ascribed to it in *Raybon* also narrows subdivision (a). This would mean subdivision (a) only saves those laws regulating smoking or ingesting marijuana while operating a vehicle and not those laws regulating, for instance, vaping, dabbing, or absorbing marijuana through the skin while operating a vehicle. Thus, under *Raybon*'s interpretation, the "pertaining to" language is either surplusage, or subdivision (a) prohibits consuming marijuana while operating a vehicle only if you are smoking or ingesting it. We think both conclusions are absurd.

Instead, we agree with our colleagues in *Perry* that section 11362.45, subdivision (d), continues to criminalize marijuana possession in prison, because such possession necessarily pertains to smoking or ingesting it.

### III.  DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
                                                                        J.

We concur:

CODRINGTON _____
          Acting P. J.


RAPHAEL _____
                    J.

8